V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880
Email: VJD000092@bohmlaw.com

Attorneys for Plaintiffs,

ISAAC NEWTON MEDEIROS DOS SANTOS and KARINA LOPEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC NEWTON MEDEIROS DOS SANTOS and KARINA LOPEZ,<br><br>       PLAINTIFFS,<br><br>       v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, in his individual and official capacity; and DOES 1-10 inclusive,<br><br>       DEFENDANTS. | Case No: 2:21-cv-5963<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br>1. **Fourth Amendment Violation (42 U.S.C. 1983)**<br>2. **Fourteenth Amendment Violation (42 U.S.C. 1983)**<br>3. **First Amendment Violation (42 U.S.C. 1983)**<br>4. **False Arrest/False Imprisonment**<br>5. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>6. **Assault and Battery**<br>7. **Negligence**<br>8. **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

1     PLAINTIFFS, ISAAC NEWTON MEDEIROS DOS SANTOS (hereinafter

2    "PLAINTIFF" or "Mr. SANTOS"), and KARINA LOPEZ (hereinafter

3    "PLAINTIFF" or "Ms. LOPEZ"), (hereinafter collectively "PLAINTIFFS"), for

4    their complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter

5    "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE

6    (hereinafter "MOORE"), and DOES 1-10 (hereinafter collectively

7    DEFENDANTS), inclusive, alleges as follows:

8    **<u>NATURE OF ACTION</u>**

9    This action seeks compensatory damages against DEFENDANTS and punitive

10    damages from individual DEFENDANTS for violating various rights under federal

11    and state law in connection with officers' unjustified assault and use of force against

12    Mr. SANTOS and Ms. LOPEZ by DEFENDANTS DOES 1-10 of the Los Angeles

13    Police Department (hereinafter "LAPD").

14    This action arises out of protests across the United States and other nations

15    following the murder of George Floyd by officers within the Minneapolis Police

16    Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others,

17    hundreds of thousands of people around the country and globe simultaneously

18    expressed their support for the Black Lives Matter movement and the collective

19    condemnation for the deaths of Black, Indigenous and People of Color men and

20    women, at the hands of law enforcement and vigilantes condoned by local law

21    enforcement. Large demonstrations occurred in the Los Angeles area, and the vast

22    majority of the participants were peaceful, principled individuals exercising their

23    First Amendment Right to assemble to seek redress for grievances. Over the course

24    of approximately a week, various law enforcement agencies in Los Angeles County

25    arrested more than 2600 individuals engaged in peaceful protest.

26    The CITY OF LOS ANGELES has been repeatedly sued for the tactics the

27    LAPD engaged in over the course of the above-mentioned arrests.  The LAPD

28    displayed tactics including, but not limited to, kettling protestors before declaring

2
**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.:    Carmen D. Sabater, Esq.

an unlawful assembly, excessive force with plastic zip-ties and metal handcuffs, and prolonged handcuffing and improper conditions of confinement for arrestees. By kettling the demonstrators, including PLAINTIFFS, detaining, keeping them tightly handcuffed at a temporary detention area in the parking lot for over seven hours, without access to bathroom facilities, water or food, DEFENDANTS violated Mr. SANTOS and Ms. LOPEZ's rights under the U.S. and California Constitution.

The policies and customs behind assaulting and arresting peacefully protesting civilians such as Mr. SANTOS and Ms. LOPEZ are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Mr. SANTOS and Ms. LOPEZ herein seek by means of this action to hold accountable those responsible for the unjustified assaults, use of force, handcuffing and detention of Mr. SANTOS and Ms. LOPEZ.

## PARTIES AND THEIR AGENTS

1.      PLAINTIFF, ISAAC NEWTON MEDEIROS DOS SANTOS, at all times mentioned in this Complaint was a resident of the County of Orange, California.

2.      PLAINTIFF, KARINA LOPEZ, at all times mentioned in this Complaint was a resident of the County of Orange, California.

3.      PLAINTIFFS are informed and believe DOES 1-10 are individuals living in the County of Los Angeles, California. At all relevant times, DOES 1-10 were public employees and agents of DEFENDANT CITY OF LOS ANGELES and were acting with the course and scope of their respective duties as police officers and with complete authority and ratification of their principal DEFENDANT CITY OF LOS ANGELES.

4.      At all relevant times, DEFENDANTS DOES 1-10 were duly appointed officers and/or employees or agents of the CITY OF LOS ANGELES subject to oversight and supervision by CITY OF LOS ANGELES' elected and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:                                                                                   Carmen D. Sabater, Esq.

1  non-elected officials.

2   5.   PLAINTIFFS are informed and believe, and thereon alleges, that

3  DOES 1-10 were agents, servants, and employees of DEFENDANT CITY OF LOS

4  ANGELES and/or the LAPD.  PLAINTIFFS are ignorant of the true names and

5  capacities of DEFENDANTS sued herein as DOES 1-10, inclusive, and therefore

6  sue these DEFENDANTS by such fictitious names.  PLAINTIFFS will amend this

7  Complaint to allege their true names and capacities when ascertained. As such, the

8  individual DOE DEFENDANTS are sued in both their individual and official

9  capacities.

10   6.   In doing the acts and failing and omitting to act as hereinafter

11  described, DEFENDANTS DOES 1-10 were acting on the implied and actual

12  permission and consent of CITY OF LOS ANGELES and CHIEF MICHEL

13  MOORE.

14   7.   DEFENDANT CITY OF LOS ANGELES is a municipal corporation

15  duly organized and existing under the Constitution and laws of the State of

16  California. LAPD is a local government entity and an agency of CITY OF LOS

17  ANGELES, and all actions of the LAPD are the legal responsibility of the CITY

18  OF LOS ANGELES. The CITY OF LOS ANGELES is sued in its own right on the

19  basis of its policies, customs, and practices that gave rise to PLAINTIFFS' federal

20  rights claims.

21   8.   DEFENDANT MICHEL MOORE is, and was, at all times relevant to

22  this action, the LAPD police chief and a policymaker for his department.  He is sued

23  in both his individual and official capacities.

24   9.   All DEFENDANTS who are natural persons, including DOES 1-10,

25  are sued individually and/or in his/her official capacity as officers, sergeants,

26  captains, commanders, supervisors, and/or civilian employees, agents, policy

27  makers, and representatives for the CITY OF LOS ANGELES.

28   10.   On or around October 28, 2020, PLAINTIFFS filed comprehensive

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*   V. James DeSimone, Esq.
Case No.:   Carmen D. Sabater, Esq.

1  and timely claims for damages in accordance with Government Code §§ 910 and

2  911.2.

3      11.    On or around February 3, 2021, DEFENDANT CITY OF LOS

4  ANGELES rejected PLAINTIFFS' claims filed on October 28, 2020.

5      12.    Finally, at all relevant times mentioned herein, all DEFENDANTS

6  acted as agents of all other DEFENDANTS in committing the acts alleged herein.

7                         **JURISDICTION AND VENUE**

8      13.    This Court has subject matter jurisdiction over the PLAINTIFFS'

9  claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil

10  rights jurisdiction).  This Court has jurisdiction to issue declaratory or injunctive

11  relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure

12  57.

13      14.    Venue is proper in the Central District of California pursuant to 28

14  U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein

15  occurred in the Central District of California.

16              **FACTS COMMON TO ALL CAUSES OF ACTION**

17      15.    On June 2, 2020, at approximately 5:45pm, PLAINTIFFS were

18  exercising their first amendment rights to peacefully protest at Sunset Boulevard

19  and Western Avenue, when a leader of the protest announced that curfew was

20  approaching. PLAINTIFFS did not want to violate curfew, so they quickly began

21  walking to their car.

22      16.    On the way to their car, PLAINTIFFS noticed an LAPD helicopter

23  following them and gradually approaching them closer and closer. PLAINTIFFS

24  thought it was simply an intimidation tactic due to the imminent curfew, so they

25  hurried towards their car and started driving home.

26      17.    As PLAINTIFFS turned the corner, Los Angeles Police Department

27  (hereinafter "LAPD") unknown DOE officers immediately pulled PLAINTIFFS

28  over and ordered them to put their hands out.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*        V. James DeSimone, Esq.
Case No.:                                                                                  Carmen D. Sabater, Esq.

18. In a matter of minutes, approximately six police cars started surrounding PLAINTIFFS' car, and around ten LAPD officers stood outside with their guns pointed directly at them.

19. Throughout this time, the unknown DOE officers did not explain what was happening, nor why PLAINTIFFS were being pulled over.

20. Unknown DOE officers directed PLAINTIFFS to exit the car with their hands up and asked Mr. SANTOS to get on the ground first.

21. Mr. SANTOS quickly complied, however, the officers proceeded to give multiple conflicting directions as to where he should put his hands. Some unknown DOES officers yelled that Mr. SANTOS should keep his hands at his side, while other unknown DOE officers told him to put them behind his back.

22. Given that Mr. SANTOS is on the autism spectrum, Ms. LOPEZ was worried for Mr. SANTOS' ability to comprehend the officers' directions and said, "You guys are yelling out conflicting directions." The unknown DOE officers yelled at Ms. LOPEZ to stay quiet, before instructing her to get on the ground as well.

23. While PLAINTIFFS were on the ground, the unknown DOE officers handcuffed PLAINTIFFS with plastic zip-ties, before they were asked to get up and walk towards the chain-link fence.

24. Shortly after, an unknown DOE officer thoroughly searched Ms. LOPEZ and asked her if she knew why they were being pulled over. Ms. LOPEZ responded that she didn't, and the unknown DOE officer explained that PLAINTIFFS' car was spotted at a site where looting took place that night.

25. Neither Ms. LOPEZ nor Mr. SANTOS participated in any looting. Further, their car was parked by the meter for hours, and no looting took place that night, which made Ms. LOPEZ even more confused as to why they were being pulled over.

26. An unknown DOE officer thoroughly searched Mr. SANTOS as well.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

27. The unknown DOE officers then searched PLAITNIFFS' car thoroughly, and despite finding no evidence of looting, they took PLAINTIFFS to a transporting vehicle.

28. At no point, was Mr. SANTOS informed of why he was pulled over, or why Mr. SANTOS and Ms. LOPEZ were being arrested.

29. Once PLAINTIFFS were brought to the transporting vehicle, the unknown DOE transporting officer reviewed their FI cards and noted that it didn't have an address for where the incident occurred. An unknown DOE officer told the unknown DOE transporting officer to "just put the address across the street," before taking PLAINTIFFS inside.

30. PLAINTIFFS did not know what was happening, or where they were being taken, before arriving at the Hollywood police station.

31. Mr. SANTOS then asked the unknown DOE officer driver why him and Ms. LOPEZ were being arrested. The unknown DOE transporting officer informed Mr. SANTOS that he was charged with a felony for looting, despite the fact that Mr. SANTOS and Ms. LOPEZ did not loot and were not present in any location where looting even occurred.

32. Upon arriving at the station, unknown DOE Defendant officers detained PLAINTIFFS and other protesters at a temporary detention area in the parking lot for over seven hours without access to food or water.

33. On top of PLAINTIFFS' already uncomfortable plastic zip-ties, the unknown DOE Defendant officers cuffed them to the chairs with metal handcuffs.

34. Mr. SANTOS complained multiple times to an unknown DOE Defendant officer that his handcuffs were too tight, and that he was losing feeling in one hand. Instead of helping him, the unknown DOE Defendant officer made mocking remarks and simply laughed at him.

35. After being detained for five hours, Officer Coleman finally took off Mr. SANTOS' handcuffs, and replaced them with a looser pair.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*        V. James DeSimone, Esq.
Case No.:        Carmen D. Sabater, Esq.

36.     Throughout the detention, the unknown DOE Defendant officers made mocking remarks towards PLAINTIFFS and the protesters and ignored complaints from others whose handcuffs were also tied too tightly.

37.     At approximately 1:00 a.m., unknown DOE Defendant officers took Ms. LOPEZ from the parking lot and escorted her to the Van Nuys police station.

38.     Upon arriving, the unknown DOE Defendant transporting officer noted that her arrest report was vague and hardly had any information. Despite this, the unknown DOE Defendant officers checked Ms. LOPEZ in and put her in a temporary cell for 30 minutes, before officially booking her in.

39.     At no point was Ms. LOPEZ read her Miranda rights, nor was she explained her connection to the looting.

40.      While she was in her cell, an unknown DOE Defendant officer came by to give Ms. LOPEZ her prisoner's receipt, which noted that she was charged with a felony for looting and would have to post bail for $50,000.

41.     Ms. LOPEZ broke down due to stress and exhaustion, compounded with the fact that she knew she didn't have the means to pay for bail.

42.     On top of that, the unknown DOE Defendant officers provided no opportunity for Ms. LOPEZ to provide her dietary restrictions. Despite attempts to inform them, no jailers came by to see what she needed.

43.     As a result, Ms. LOPEZ was unable to eat the meals provided during detention except for the chips, as she is Jewish and keeps kosher.

44.      On June 3, 2020, at around 3:30pm, Ms. LOPEZ was finally released from the Van Nuys police station after being detained for over 21 hours total. The unknown DOE Defendants officers returned all her belongings, except for her hat, and led her to the exit.

45.     The unknown DOE Defendant officers did not offer to assist Ms. LOPEZ home, despite the fact that Ms. LOPEZ did not know the surrounding area, and that her phone was dead. Thankfully, a relative was outside waiting for her.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*     V. James DeSimone, Esq.
Case No.:     Carmen D. Sabater, Esq.

46.     For over 21 hours, LAPD intentionally subjected Ms. LOPEZ to trauma, physical and emotional distress, as well as monetary damages.

47.     As a result of the incident, Ms. LOPEZ experienced depression, work hostility, ongoing anxiety attacks, paranoia, asthma attacks, fear, nightmares, and insomnia, due to her lingering trauma.

48.     At approximately 2:00 a.m., an unknown DOE Defendant officer took Mr. SANTOS from the temporary detention center to a metal bench inside the police station.

49.     Mr. SANTOS noticed unknown DOE Defendant officers ignoring other detainees' medical requests, and even laughing at them, until a detainee passed out.

50.     An hour later, Mr. SANTOS was given his arrest slip which noted that he was charged with a felony for looting before the officers proceeded with the booking process.

51.     During booking, an unknown DOE Defendant officer tried to remove Mr. SANTOS' yamaca. Additionally, throughout detention, unknown DOE Defendants mocked and made fun of Mr. SANTOS for being Jewish.

52.     Mr. SANTOS was detained for over 18 hours before making the decision to post bail. Despite not having the means for it, Mr. SANTOS made the decision out of fear of losing his job.

53.     At around 12:00 p.m., on or around June 3, 2020, Mr. SANTOS was finally released from the Hollywood police station after being detained for over 18 hours total.

54.     For over 18 hours, unknown DOE Defendants intentionally subjected Mr. SANTOS to physical pain, trauma, emotional distress, and monetary damages.

55.     As a result of the incident, Mr. SANTOS lost a promotion from having to miss work, and is now in debt from posting bail.

56.     Given that Mr. SANTOS is on the autism spectrum, the trauma he

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                                                             Carmen D. Sabater, Esq.

experienced has impacted him in unmeasurable ways. Mr. SANTOS lost years of progress from his treatments due to the incident, and is now back to experiencing regular tics, breaking down in everyday social settings, and experiencing depression and suicidal thoughts, sleepless nights, fear and anxiety due to the trauma LAPD imposed upon him.

57.     The law enforcement actions of LAPD and unknown DOE Defendants were executed pursuant to a policy, practice and custom of responding to lawful protests in an unnecessarily punitive and inhumane manner which deprived PLAINTIFFS of their rights under the First and Fourth Amendments to the United States Constitution and in violation of Civil Code Sections 43 and 52.1 and the California Constitution. All Officers were acting under color of state law and in the course and scope of their employment.

## MONELL ALLEGATIONS

58.     The CITY, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations. DEFENDANTS have a custom of using excessive force against peaceful protestors, detaining, keeping them tightly handcuffed  at a temporary detention area in the parking lot for over seven hours, without access to bathroom facilities, water or food and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on reckless disregard for human life or specious group "suspicion."

59.     THE CITY has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training.  Yet unknown DOE Defendants officers repeatedly targeted individuals who were in no way aggressive or combative and detained them for prolonged hours without access to food or water. The unlawful excessive use of force, assault and battery, DEFENDANTS utilized against PLAITNIFFS, and others fail constitutional requirements.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:                                                                                 Carmen D. Sabater, Esq.

60.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT THE CITY is liable for all or all injuries sustained by PLAITNIFFS as set forth herein. THE CITY bears liability because its policies, practices and/or customers were a cause of and moving force for PLAINTIFFS' injuries, and/or because THE CITY ratified the unlawful actions of its employees that caused PLAITNIFFS' injuries. THE CITY and its supervisory officials, including DEFENDANT CHIEF MOORE, maintained or permitted one or more of the following policies, customs or practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFFS and were a direct cause of PLAINTIFFS' damages:

  a. In the wake of the Derek Chauvin murder of George Floyd, THE CITY and LAPD knew that there would large groups of peaceful protestors exercising their First Amendment Rights and who should be protected and respected, so those rights are not infringed. THE CITY and LAPD also knew there was a possibility that a minority would engage in criminal activity including property destruction and looting. THE CITY, through the LAPD, directed, condoned, encouraged its Officers to disperse the large crowds in violation of their First and Fourth Amendment rights through using excessive force against peaceful protestors, detaining, keeping them tightly handcuffed at a temporary detention area in the parking lot for over seven hours, without access to bathroom facilities, water or food. Moreover, these violations occurred while those looting and destroying property were often ignored;

  b.  By employing and retaining as police officers and other personnel, including DOES 1-10, who DEFENDANTS THE CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*      V. James DeSimone, Esq.
Case No.:                                                                               Carmen D. Sabater, Esq.

policies of THE CITY, including the use of excessive force and reckless disregard for human life and safety;

c. By failing to provide adequate training and supervision to police officers with respect to constitutional limits on using excessive force against peaceful protesters and detaining them for prolonged hours;

d. By failing to provide adequate training and supervision for THE CITY's police officers on how to respond properly to peaceful protests;

e. By inadequately supervising, training, controlling, assigning, and disciplining THE CITY police officers, and other personnel, including DOES 1-10, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

f. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS DOES 1-10, who are THE CITY's employees and police officers;

g. By failing to adequately train officers, including DEFENDANTS DOES 1-10, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

h. By failing to discipline or retrain THE CITY police officers' including DEFENDANTS DOES 1-10 for conduct such as use of force and reckless disregard for human life and safety;

i. By condoning and encouraging of THE CITY's police officer, and other personnel, including DEFENDANTS DOES 1-10, in the belief that they can violate the rights of persons, such as PLAINTIFFS, with impunity, and that

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*   V. James DeSimone, Esq.
Case No.:                                                                Carmen D. Sabater, Esq.

such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

j. By ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

61. On multiple occasions, THE CITY has condoned, allowed, and/or encouraged the use of excessive force and the violation of the constitutional rights by its officers.

## FIRST CAUSE OF ACTION

## FOURTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)

## (AGAINST ALL DEFENDANTS)

62. PLAINTIFFS repeat and reallege each and every allegation in preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63. This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-10.

64. DEFENDANTS' conduct, described above, violated PLAINTIFFS' rights to be free from unreasonable seizures, excessive or arbitrary force, and arrest or detention without reasonable or probable cause under the Fourth Amendment to the United States Constitution. DEFENDANTS DOES 1-5 detained, seized, handcuffed, and searched PLAITNIFFS' persons and their personal properties.

65. DEFENDANTS detained PLAINTIFFS for a prolonged period of time, which was approximately 8 hours, handcuffed PLAINTIFFS excessively tightly, and held PLAINTIFFS at a temporary detention area in the parking lot without access to bathrooms, water or food. DEFENDANTS' confinement of PLAINTIFFS and others was inhumane, malicious, and torturous.

66. Defendant MOORE is liable in his supervisory capacity as he was aware that his officers were engaging in excessive force against citizens and failed

to prevent his subordinates from engaging in such conduct.

67.   Defendant CITY is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of PLAITNIFFS' rights and/or because it ratified the actions of its employees by finding that their actions leading to the injury of PLAITNIFFS were in conformity with the LAPD's policy and by failing to discipline the involved officers and employees.

68.   Defendants Does 6-100 are liable for their direct actions as supervisors which caused the deprivation of PLAITNIFFS' constitutional rights.

69.   On information and belief, DOES 1-5 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFFS' injury.

70.   On information and belief, the CITY failed to properly and adequately train Does 1-5, including but not limited to, with regard to the use of physical force, arrests, and detention.

71.   The training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of force while arresting and detaining individuals.

72.   DEFENDANT CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

73.   The failure of DEFENDANT CITY to provide adequate training caused the deprivation of PLAINTIFFS' rights by DOE Officer 1-5; that is DEFENDANT's failure to train is so closely related to the deprivation of PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

74.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including physical and emotional pain and suffering.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*   V. James DeSimone, Esq.
Case No.:   Carmen D. Sabater, Esq.

75.     PLAINTIFFS are informed and believe and thereon allege that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of PLAINTIFFS' rights, justifying the awarding of punitive (against individual Defendants only)  and exemplary damages against the individual Defendants in an amount to, be determined at the time of trial.

76.     PLAINTIFFS seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

<strong><u>SECOND CAUSE OF ACTION</u></strong>

<strong>FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)</strong>

<strong>(AGAINST ALL DEFENDANTS)</strong>

77.     PLAINTIFFS repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE and DOES 1-10.

79.     DEFENDANTS' conduct, above described, deprived PLAINTIFFS of liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

80.     PLAINTIFFS had liberty interests created by the California Penal Code § 853.6 to be cited and released for a misdemeanor absent specific information and individualized suspicion that they would immediately repeat the allegedly unlawful conduct if promptly released and not subjected to a prolonged detention.

81.     Based on perceived association with protests for Black Lives Matter and against the continued government-sanctioned killings of BIPOC men and women at the hands of law enforcement, when PLAINTIFFS were denied individualized assessment and held in custody for approximately twenty-one hours,

1  DEFENDANTS uniformly denied PLAINTIFFS the mandatory "liberty" interested

2  and codified in California Penal Code § 853.6.

3    82.    Defendant MOORE is liable in his supervisory capacity as he was

4  aware that his officers were engaging in excessive force against citizens and failed

5  to prevent his subordinates from engaging in such conduct.

6    83.    Defendant CITY is liable pursuant to *Monell* because it maintained,

7  condoned and/or permitted a policy, custom and/or practice of conscious disregard

8  of and reckless indifference to Constitutional rights which was a moving force in

9  the violation of PLAITNIFFS' rights and/or because it ratified the actions of its

10 employees by finding that their actions leading to the injury of PLAITNIFFS were

11 in conformity with the LAPD's policy and by failing to discipline the involved

12 officers and employees.

13   84.    Defendants Does 6-10 are liable for their direct actions as supervisors

14 which caused the deprivation of PLAITNIFFS' constitutional rights.

15   85.    On information and belief, DOES 1-5 were not disciplined,

16 reprimanded, retrained, suspended, or otherwise penalized in connection with

17 PLAINTIFFS' injury.

18   86.    On information and belief, the CITY failed to properly and adequately

19 train Does 1-5, including but not limited to, with regard to the use of physical force,

20 arrests, and detention.

21   87.    The training policies of DEFENDANT CITY were not adequate to

22 train its officers to handle the usual and recurring situations with which they must

23 deal, including the use of force while arresting and detaining individuals.

24   88.    DEFENDANT CITY was deliberately indifferent to the obvious

25 consequences of its failure to train its officers adequately.

26   89.    The failure of DEFENDANT CITY to provide adequate training

27 caused the deprivation of PLAINTIFFS' rights by DOE Officers 1-5; that is

28 DEFENDANT's failure to train is so closely related to the deprivation of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.:                                                                              Carmen D. Sabater, Esq.

1   PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

2       90.    As a direct and legal result of DEFENDANTS' acts and omissions,

3   PLAINTIFFS suffered damages, including physical and emotional pain and

4   suffering.

5       91.    PLAINTIFFS are informed and believe and thereon allege that the acts

6   of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or

7   were performed in willful and conscious disregard of PLAINTIFFS' rights,

8   justifying the awarding of punitive (against individual Defendants only) and

9   exemplary damages against the individual Defendants in an amount to, be

10  determined at the time of trial.

11      92.    PLAINTIFFS seeks attorney fees under this claim pursuant to 42

12  U.S.C. Section 1988.

13            **FOURTH CAUSE OF ACTION**

14        **FALSE ARREST/FALSE IMPRISONMENT**

15          **(AGAINST ALL DEFENDANTS)**

16      93.    PLAINTIFFS repeat and reallege each and every allegation in the

17  preceding paragraphs of this Complaint with the same force and effect as if fully

18  set forth herein.

19      94.    This cause of action is asserted against DEFENDANTS CITY OF LOS

20  ANGELES, CHIEF MOORE, and DOES 1-10.

21      95.    DEFENDANTS DOES 1-10 while working as police officers for the

22  CITY OF LOS ANGELES and acting within the course and scope of their duties,

23  intentionally deprived PLAINTIFFS of their freedom of movement by use of force,

24  including threats of force, menace, fraud, deceit, and unreasonable duress.

25  DEFENDANTS DOES 1-10 also detained PLAINTIFFS.  Said detention was made

26  without reasonable suspicion. DEFENDANTS' arrest of PLAINTIFFS was without

27  probable cause and any purported curfew violation was caused by DEFENDANTS'

28  conduct. The arbitrary curfew times violated the First Amendment Rights of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.:    Carmen D. Sabater, Esq.

1  PLAINTIFFS and others and rendered these arrests improper and unlawful.

2       96.    PLAINTIFFS did not knowingly or voluntarily consent.

3       97.    As a result of the foregoing, PLAINTIFFS suffered, and continue to

4  suffer from physical injuries, and sickness, physical and emotional pain, anguish,

5  and distress and psychological injury.

6       98.    The conduct of DEFENDANTS was a substantial factor in causing the

7  harm of PLAINTIFFS.

8       99.    On information and belief, DOE DEFENDANTS were not disciplined

9  for the use of force on June 2, 2020 against PLAINTIFFS.

10       100.  LOS ANGELES CITY is vicariously liable for the wrongful acts of

11  DEFENDANTS DOES 1-10 pursuant to California Government Code § 815.2(a),

12  which provides that a public entity is liable for the injuries caused by its employees

13  within the scope of the employment if the employee's act would subject him or her

14  to liability. Further, Government Code § 820(a) provides "except as otherwise

15  provided by statute (including Section 820.2), a public employee is liable for injury

16  caused by his act or omission to the same extent as a private person."

17       101.  DEFENDANT CHIEF MOORE has failed to impose adequate

18  discipline on his officers, including the responsible DOE DEFENDANT

19  OFFICERS, who committed these unlawful uses of excessive force with reckless

20  disregard for human life and safety, creating a culture of impunity within the LAPD

21  that encourages such violence and incidents of unreasonable force against the

22  public.

23       102.  As a result of their conduct, DEFENDANTS are liable for

24  PLAINTIFFS' injuries, either because they were integral participants in the assault

25  and battery, or because they failed to intervene to prevent these violations, or under

26  the doctrine of *respondeat superior*.

27       103.  The conduct of DEFENDANTS DOES 1-10 was malicious, wanton,

28  oppressive, and accomplished with a conscious disregard for the rights of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*      V. James DeSimone, Esq.
Case No.:      Carmen D. Sabater, Esq.

1   PLAINTIFFS, entitling PLAINTIFFS to an award of exemplary and punitive

2   damages against all non-government entity defendants.

3      104.   PLAINTIFFS are seeking all damages under this claim.

**FIFTH CAUSE OF ACTION**

4

**BANE ACT (Cal. Civ. Code § 52.1)**

5

**(AGAINST ALL DEFENDANTS)**

6

7      105.   PLAINTIFFS repeat and reallege each and every allegation in the

8   preceding paragraphs of this Complaint with the same force and effect as if fully

9   set forth herein.

10     106.   As alleged herein, DEFENDANTS intentionally interfered by threats,

11   intimidation, and/or coercion with PLAINTIFFS' exercise and enjoyment of rights

12   under federal and state law and under the federal and state constitutions (including,

13   without limitation, Amendment 1 and 4 of the U.S. Constitution; California Civil

14   Code Section 43 and Penal Code Sections 149, 240, and 242; and Article I, Sections

15   1, 2, 7, 13, and 17 of the California Constitution), including, without limitation, the

16   right to be free from any violence, the right to bodily integrity, the right of protection

17   from bodily restraint or harm and harm to personal relations, the right to be free

18   from excessive force by police, and the right be free from unreasonable searches

19   and seizures and the right to due process. DEFENDANTS acted intentionally and

20   with reckless disregard for the rights of PLAITNIFFS.

21     107.   The DEFENDANTS, including Does 1-10, who committed battery

22   against PLAINTIFFS are liable pursuant to Government Code Section 820.

23   DEFENDANT City is liable to PLAINTIFFS pursuant to Government Code

24   Section 815.2 for the acts of its employees in committing battery against

25   PLAITNIFFS.

26     108.   As a direct and legal result of DEFENDANTS' acts and omissions,

27   PLAINTIFFS suffered damages and therefore seeks all damages, including actual,

28   compensatory and statutory damages, which are recoverable pursuant to Civil Code

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*   V. James DeSimone, Esq.
Case No.:                                                                     Carmen D. Sabater, Esq.

Section 52.1 and any other applicable statutes.

109.   PLAINTIFFS are informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFFS, thereby justifying the awarding of punitive (against individual Defendants only) and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

110.   PLAINTIFFS seek an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

## SIXTH CAUSE OF ACTION

### ASSAULT and BATTERY

### (AGAINST ALL DEFENDANTS)

111.   PLAINTIFFS repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

112.   This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-10.

113.   DEFENDANTS DOES 1-10 while working as Police Officers for the CITY Police Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently touched and battered PLAINTIFFS' sustaining serious injuries.

114.   DEFENDANTS DOES 1-10 had no legal justification for their actions, and DEFENDANTS DOES' 1-10 use of force against PLAINTIFFS, assault, use of force, handcuffing and detention, removing Mr. SANTOS' Yamaca, by DEFENDANTS, while  carrying out their duty as officers and as CITY OF LOS ANGELES employees was an unreasonable use of force.

115.   DEFENDANTS DOES 1-10 also intentionally used unreasonable

force against PLAINTIFFS, including, but not limited to, tightening handcuffs on PLAINTIFFS to cause physical pain, numbness, tissue and nerve damage, and mental and emotional distress when they posed no threat to the officers or anyone else. Upon information and belief, PLAINTIFFS were assaulted, grabbed, and roughly clenched by handcuffs and/or zip ties.

116.   Mr. SANTOS complained multiple times to an unknown DOE Defendant officer that his handcuffs were too tight, and that he was losing feeling in one hand. Instead of helping him, the unknown DOE Defendant officer made mocking remarks and simply laughed at him.

117.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFFS were caused to suffer severe pain and suffering.

118.   LOS ANGELES CITY is vicariously liable for the wrongful acts of DEFENDANTS DOES 1-10 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Further, Government Code § 820(a) provides "except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

119.   PLAINTIFFS are informed and believe and thereon allege that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFFS, entitling PLAINTIFFS to an award of exemplary and punitive damages (against individual Defendants only) in an amount to be determined at time of trial against individual DEFENDANTS only.

120.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:                                                                                  Carmen D. Sabater, Esq.

121.   PLAINTIFFS are seeking all damages under this claim.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

122.   PLAINTIFFS repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

123.   DEFENDANTS owed a duty of care to PLAINTIFFS and were required to use reasonable diligence to ensure that PLAINTIFFS were not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.   The failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFFS;

b.   The failure to monitor and record any use of force by the CITY OF LOS ANGELES, CHIEF MOORE, and DEFENDANTS DOES 1-10;

c.   The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF LOS ANGELES, CHIEF MOORE, and DEFENDANTS DOES 1-10;

d.   The negligent tactics and handling of the situation with PLAINTIFFS;

e.   The negligent detention, arrest, and use of force against PLAINTIFFS including placing tight handcuffs on them for an extended period of time and abandoning them at the detention area in a parking lot for hours with no opportunity to communicate the torturous pain they were in or receive proper care for their pain;

f.   The failure to properly train and supervise employees, both professional and non-professional, including DEFENDANTS DOES 1-10;

g.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the

1    rights of PLAINTIFFS;

2    h.  The failure to provide prompt medical care to PLAINTIFFS; and

3    i.  The negligent handling of evidence and witnesses.

4    124.  As a direct and proximate result of DEFENDANTS' conduct as

5    alleged above, and other undiscovered negligent conduct, PLAINTIFFS were

6    caused to suffer severe pain and suffering, both physically and emotionally.

7    125.  In addition, at the aforementioned date, time and place,

8    DEFENDANTS negligently, carelessly and without reasonable care, touched and

9    violently battered PLAINTIFFS.

10    126.  CITY OF LOS ANGELES is vicariously liable for the wrongful acts

11    of DEFENDANTS DOES 1-10 pursuant to California Government Code §

12    815.2(a), which provides that a public entity is liable for the injuries caused by its

13    employees within the scope of the employment if the employee's act would subject

14    him or her to liability.  Further, Government Code § 820(a) provides "except as

15    otherwise provided by statute (including Section 820.2), a public employee is liable

16    for injury caused by his act or omission to the same extent as a private person."

17    127.  The aforementioned acts and omissions of DEFENDANTS DOES 1-

18    10 were committed by them knowingly, willfully and maliciously, with the intent

19    to harm, injure, vex, harass and oppress PLAINTIFFS, with conscious disregard to

20    their known rights and deliberate indifference to the risk of injury to PLAINTIFFS.

21    By reason thereof, PLAINTIFFS seek punitive (against individual Defendants only)

22    and exemplary damages from DEFENDANTS, and each of them, in an amount as

23    proved.

24    128.  DEFENDANT CITY OF LOS ANGELES knew or reasonably should

25    have known that DEFENDANTS DOES 1-10 would engage in such a violent

26    misconduct against PLAINTIFFS, during the course and scope of their

27    employment, and that, as a direct and proximate result of those violations,

28    PLAINTIFFS would suffer injuries as alleged herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.:    Carmen D. Sabater, Esq.

129. DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANTS officers so as to prevent these acts and omissions from occurring.

130. DEFENDANTS failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control or regulate DEFENDANTS DOES 1-10. As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANTS officers, PLAINTIFFS have suffered and continues to suffer injuries entitling her to damages in amounts to be proven at trial.

131. By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFFS have been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

132. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFFS have been caused to and did suffer and continue to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to PLAINTIFFS. PLAINTIFFS do not know at this time the exact duration or permanence of said injuries but are informed and believe and thereon allege that some if not all of the injuries are reasonably certain to be permanent in character.

133. As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

134. PLAINTIFFS are informed and believe, and thereon allege, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

---

24

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*     V. James DeSimone, Esq.
Case No.:                                                                               Carmen D. Sabater, Esq.

1  in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

2  oppressive and despicable conduct, and acted with willful and conscious disregard

3  of the rights, welfare and safety of PLAINTIFFS, thereby justifying the award of

4  punitive against individual DEFENDANTS only and exemplary damages in an

5  amount to be determined at trial.

6      135.   PLAINTIFFS are seeking all damages under this claim.

7              **EIGHTH CAUSE OF ACTION**

8      **INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9                  **(AGAINST ALL DEFENDANTS)**

10     136.  PLAINTIFFS repeat and reallege each and every allegation in the

11            preceding paragraphs of this Complaint with the same force and effect as if

12            fully set forth herein.

13     137.   DEFENDANTS DOES 1-10 conduct as described above was extreme

14  and outrageous and was done with the intent of causing PLAINTIFFS to suffer

15  emotional distress or with reckless disregard as to whether their conduct would

16  cause her to suffer such distress.

17     138.   By the aforesaid acts and omissions of DEFENDANT deputies and

18  officers, and each of them, PLAINTIFFS have been directly and legally caused to

19  suffer actual damages including, but not limited to, extreme pain and suffering both

20  with regards to physical and mental suffering.

21     139.   As a further direct and legal result of the acts and conduct of

22  DEFENDANTS, and each of them, as aforesaid, PLAINTIFFS have been caused

23  to and did suffer and continue to suffer physical pain and injury, severe emotional

24  and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,

25  discomfort, anxiety, physical pain and suffering.  The exact nature and extent of

26  said injuries is presently unknown to PLAINTIFFS.  PLAINTIFFS do not know at

27  this time the exact duration or permanence of said injuries but are informed and

28  believe, and thereon allege, that some if not all of the injuries are reasonably certain

1    to be permanent in character.

2    140. As a result of their conduct, DEFENDANTS are liable for

3    PLAINTIFFS' injuries, either because they were integral participants in the assault

4    and battery, or because they failed to intervene to prevent these violations, or under

5    the doctrine of *respondeat superior*.

6    141. PLAINTIFFS are informed and believe, and thereon allege, that the

7    DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

8    in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

9    oppressive and despicable conduct, and acted with willful and conscious disregard

10   of the rights, welfare, and safety of PLAINTIFFS, thereby justifying the award of

11   punitive (against individual Defendants only)  and exemplary damages in an amount

12   to be determine at trial.

13   ## **PRAYER FOR RELIEF**

14   **WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANTS

15   CITY OF LOS ANGELES, CHIEF MICHEL MOORE, DOES 1-10, and each of

16   them, as follows:

17   1.    For general economic and non-economic damages according to proof;

18   2.    For special damages according to proof;

19   3.    For punitive damages where allowed by law (against the individual

20   defendants only);

21   4.    For equitable relief;

22   5.    For prejudgment interest;

23   6.    For costs of suit incurred herein;

24   7.    For attorney's fees as allowed by law;

25   8.    For civil penalties as allowed by law;

26   9.    For such other and further relief as this Court deems just and proper,

27   and appropriate.

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:                                                                                   Carmen D. Sabater, Esq.

Date: July 23, 2021

**V. JAMES DESIMONE LAW**

By: _____

V. JAMES DESIMONE, ESQ.
CARMEN D. SABATER, ESQ.

Attorneys for Plaintiffs,
ISAAC NEWTON MEDEIROS
DOS SANTOS and KARINA
LOPEZ

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*        V. James DeSimone, Esq.
Case No.:                                                                                 Carmen D. Sabater, Esq.

1

## **DEMAND FOR JURY TRIAL**

2     PLAINTIFFS hereby demand a trial by jury.

3

4   Date: July 23, 2021                          **V. JAMES DESIMONE LAW**

5

6

7                                                By:_____

8                                                     V. JAMES DESIMONE, ESQ.
                                                     CARMEN D. SABATER, ESQ.
9

10                                               Attorneys for Plaintiffs,
                                                 ISAAC NEWTON MEDEIROS
11                                               DOS SANTOS and KARINA
                                                 LOPEZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Isaac Newton Medeiros Dos Santos and Karina Lopez v. City of Los Angeles, et al.*     V. James DeSimone, Esq.
Case No.:                                                                              Carmen D. Sabater, Esq.